[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion by third party defendant John Girardi, d/b/a Master Custodial Services ("Girardi"), to strike the third count of a third party complaint filed by the defendant North Haven Board of Education ("Board"). The plaintiff, Melissa Gurton, has brought suit against the Board seeking to recover damages for injuries she alleges she suffered on September 17, 1988, in a fall on property controlled and maintained by the Board. She has made no claim against Girardi.
In its third party complaint against Girardi, the Board claims as the third count that any injuries suffered by Gurton were caused by Girardi's negligence and claims that "[i]f the hazardous condition alleged by the plaintiff in her complaint existed, then the third party defendant is liable for contribution CT Page 3121 for any damages which the plaintiff may recover." Girardi's motion to strike is not addressed to the remaining two counts of the third party complaint, which allege a right to indemnification and primary negligence respectively.
The basis for the motion to strike the third count is that a claim for contribution is legally insufficient where the third party plaintiff has not alleged that it has been required to pay damages to the plaintiff. Girardi argues that a cause of action for contribution arises only after the Board has in fact been held liable to the plaintiff for damages.
The Board takes the position that it may plead a claim for contribution against Girardi because 52-102a C.G.S. provides that a defendant may serve a complaint "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. "[emphasis supplied]. The Board asserts that Girardi may be liable to it by operation of 52-572h(c), (g) and (h) C.G.S. Section 52-572h(c), enacted as part of the legislation known as "Tort Reform II", provides that if damages in a personal injury action are determined to have been proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the damages. Section52-572h(g) provides that if a claimant is, in certain circumstances, unable to collect the proportion of his damages attributed to a particular "liable defendant", the court may reallocate the damages among the other defendants. Section 52-572h(h) gives a defendant whose liability has been increased by such a reallocation a right to contribution from the other defendant in the amount of the excess over his proportionate share of the claim.
The Board's reasoning overlooks the fact that Girardi is not a defendant as to the plaintiff's claim. Therefore, unless and until the plaintiff asserts a claim against him, Girardi will not be a "liable defendant" within the terms of 52-572h(g), and the possibility of reallocation to the Board of damages allocated against Girardi will thus not occur. By failing to sue Girardi, the plaintiff of course risks the outcome of a verdict that apportions part of her damages to a party against whom she has asserted no claim and against whom she will have no judgment, however, the possible apportionment of some of the liability to Girardi will not enable her to resort to 52-572h(g) because she will have no right to collect from a party she has not sued.
The circumstances of the instant case are distinguishable from those presented in Vahey v. Dodson, 3 Conn. L. Rptr. 91
(1/14/91). In Vahey, the plaintiff sued several defendants, one of whom then filed a third party complaint against another CT Page 3122 defendant. Even in that situation, Judge Nigro ruled that a cause of action for contribution attaches only after any final judgment and the occurrence of the reallocation provided for in52-572h(g). See e also Rondeau v. Ritenour, 1 Conn. L. Rptr. 413
(1990), in which Judge Spear ruled that the right to contribution arises only after 1) the plaintiff's claim has gone to a final judgment, 2) the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so, 3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, 4) a reallocation is made by the court, and 5) a defendant is actually required to pay an amount in excess of his share of the original judgment.
The third count of the Board's third party complaint against Gerardi is hereby ordered stricken.
Beverly J. Hodgson, Judge